IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| CHRISTOPHER L. HUGHES-CANAL, | CV 22-99-H-SEH |
| Plaintiff, | |
| vs. | ORDER |
| LEWIS AND CLARK COUNTY DISTRICT ATTRONEY'S OFFICE, KEVIN DOWNS, FALLON STANTON, | |
| Defendants. | |

On December 27, 2022, Plaintiff Christopher L. Hughes-Canal ("Hughes-Canal") filed suit alleging (1) Defendants violated his civil rights in conjunction with his on-going state criminal proceedings[1] and (2) seeking leave to proceed in forma pauperis.[2]

The claims asserted are barred by the abstention doctrine set forth in *Younger v. Harris*.[3] The complaint will be dismissed.

**I.    Motion to Proceed in Forma Pauperis**

Hughes-Canal's request to proceed in forma pauperis will be granted. He

---

[1] Doc. 2 at 3-4.
[2] Doc. 1.
[3] 401 U.S. 37 (1971).

must pay the statutory $350.00 filing fee.[4] He has insufficient funds to pay an initial partial filing fee and will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account until the fee is paid.

## II. Screening Analysis

The Court has reviewed Hughes-Canal's complaint[5] before it is served as required to see if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[6]

Hughes-Canal claims that in August of 2021, he was wrongfully charged with multiple criminal offenses in Lewis and Clark County, Montana, and that Defendants violated several constitutional rights: (1) right to a fair trial; (2) right to affordable bail; (3) right to due process; (4) right to remain silent; and (5) right to attorney-client privilege.[7]

He claims County Attorney Fallon Stanton ("Stanton") manipulated and coerced Hughes-Canal and the alleged victim into giving up their rights and that Stanton made threats and claims against Hughes-Canal that are not true.[8] He also

---

[4] 28 U.S.C. § 1915(b)(1).
[5] 28 U.S.C. §§ 1915, 1915A.
[6] 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).
[7] Doc. 2 at 3.
[8] Doc. 2 at 4–5.

states that County Attorney Kevin Downs ("Downs") acted unlawfully by obtaining a letter from Hughes-Canal's attorney in violation of Hughes-Canal's right to attorney-client privilege and his right to remain silent.[9]

Hughes-Canal seeks an investigation into Stanton's biased and illegal conduct; asks this Court to impose an affordable bond; and to order that all evidence turned over to Defendants by the Office of the Public Defender be sealed. He also requests a change of venue and/or a replacement prosecutor.[10] In addition he seeks $500/per day for each day of wrongful incarceration.[11]

Hughes-Canal's claims are barred by the *Younger* abstention doctrine. Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury.[12] Irreparable injury does not exist if the claimed threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'"[13]

*Younger* abstention is appropriate when the following factors are satisfied: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s]

---

[9] Doc. 2 at 7.
[10] Doc. 2 at 5.
[11] Doc. 2 at 5.
[12] *Younger v. Harris*, 401 U.S. 37, 45–46 (1971).
[13] *Id.* at 46 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243 (1926)).

important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding."[14]

A claimant may avoid application of the *Younger* abstention doctrine by demonstrating there is bad faith, harassment, or some other extraordinary circumstance where irreparable injury can be shown.[15] In practical terms, the *Younger* doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'"[16]

In this case, all criteria for *Younger* abstention are met. First, this matter is ongoing and proceeding to trial.[17] Second, Hughes-Canal's criminal proceedings implicate Montana's important interest in upholding order and integrity of its criminal proceedings.[18] Third, Hughes-Canal has not demonstrated an inability to raise his constitutional challenges in his state proceedings. He may raise his claims

---

[14] *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citation and internal quotations omitted).
[15] *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971).
[16] *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980) (citation omitted).
[17] Doc. 2-1 at 1.
[18] *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief").

at trial or, if necessary, on appeal.[19] Finally, if the Court granted Hughes-Canal's request relief, it would have the practical effect of enjoining his ongoing state criminal proceeding. He has not shown irreparable injury will occur without this Court's intervention and has not demonstrated other extraordinary circumstance warranting intervention. *Younger* abstention requires the case be dismissed.

### III. Leave to Amend

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend.[20]

Hughes-Canal claims are barred by *Younger*, and these defects could not be cured by amendment. Leave to amend would be futile. Dismissal will be ordered.[21]

**ORDERED:**

1. Hughes-Canal's Motion to Proceed in Forma Pauperis[22] is **GRANTED**.

2. This matter is **DISMISSED**. The Clerk of Court is directed to close this

---

[19] *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.").
[20] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).
[21] Dismissal of Hughes-Canal's claims under *Younger* will not count as a strike. *Washington v. L.A. Cty. Sherriff's Dep't*, 833 F.3d 1048, 1057–58 (9th Cir. 2016).
[22] Doc. 1.

matter and enter judgment according to Fed. R. Civ. P. 58.

3. The Court certifies that any appeal of this decision would not be taken in good faith.[23]

DATED this 17th day of January, 2023.

*Sam E. Haddon*
Sam E. Haddon
United States District Court

---

[23] Fed. R. App. P. 24(a)(3)(A).